IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 13, 2024

## ERIN MISHKIN v. ROBERT COLE GORDON

**Appeal from the Chancery Court for Williamson County**
**No. 23CV-52319     Deanna B. Johnson, Judge**

_____

**No. M2024-01397-COA-T10B-CV**

_____

Appellant filed this petition for recusal appeal after the trial court denied a motion to recuse. In light of Appellant's failure to comply with Rule 10B of the Rules of the Supreme Court of the State of Tennessee, we affirm.

**Tenn. S. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and JEFFREY USMAN, JJ., joined.

Robert Cole Gordon, Franklin, Tennessee, Pro se.

Jonathan William Turner, Nashville, Tennessee, for the appellee, Erin Mishkin.

**MEMORANDUM OPINION**[1]

**I.**

This accelerated interlocutory appeal concerns a petition for recusal appeal filed by Appellant Robert Cole Gordon ("Appellant") on September 9, 2024. Beyond technical

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

information regarding the case, including the style, trial court case number, and trial court judge, and a certificate of service upon Appellee Erin Kathryn Mishkin, Appellant's single-page petition for appeal includes only that: "Notice is given that [Appellant] appeals the final judgment of the Chancery Court of Williamson County filed on August 29, 2024[,] to the Court of Appeals."[2]

## II.

Our sole concern in this interlocutory appeal is whether the trial court erred in denying Appellant's motion for recusal. *See* **Duke v. Duke**, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012). Because Appellant's petition for recusal appeal wholly fails to comply with the rules governing such filings, we affirm the trial court's ruling without consideration of the merits of the original motion for recusal.

Motions to recuse and accelerated interlocutory appeals of orders denying motions to recuse are governed by Rule 10B of the Rules of the Supreme Court of the State of Tennessee. Under Rule 10B, a party seeking disqualification of a trial judge may do so by filing a written motion promptly after the party learns the facts establishing the basis for recusal. Tenn. Sup. Ct. R. 10B, § 1.01. As the rule explains,

> The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials. The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

*Id.* The trial court judge is then required to act promptly to either grant or deny the motion by written order; if the motion is denied, the trial court judge must state in writing the grounds upon which he or she denied the motion. Tenn. Sup. Ct. R. 10B, § 1.03.

A party is entitled to "an accelerated interlocutory appeal as of right" of an order denying a motion to recuse. Tenn. Sup. Ct. R. 10B, § 2.01. The party effects an accelerated appeal by filing a petition for recusal appeal with this Court, accompanied by "a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record

---

[2] On September 13, 2024, the August 29, 2024 Memorandum and Order entered by the Williamson County Chancery Court ("the trial court"), was "obtained [by the Clerk of this Court] from [the] trial court clerk via email per request[.]" Under section 2.05 of Rule 10B, this Court may ask for answers from the other *parties* to the case or may act summarily solely on the documents and arguments of the applicant. *See* Tenn. Sup. Ct. R. 10B, § 2.05. As discussed in more detail *infra*, Appellant's recusal appeal petition has profound deficiencies. Accordingly, we choose to act summarily on this petition and do not consider the order that was not provided to this Court by Appellant.

necessary for determination of the appeal." Tenn. Sup. Ct. R. 10B, § 2.03. The petition for recusal appeal "shall" also contain: (1) "[a] statement of the issues presented for review"; (2) "[a] statement of the facts, setting forth the facts relevant to the issues presented for review"; (3) "[a]n argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities"; and (4) "[a] short conclusion, stating the precise relief sought." *Id.*

"If the appellate court, based upon its review of the petition for recusal appeal and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal." Tenn. Sup. Ct. R. 10B, § 2.05. In this case, we have determined that no answer from the opposing party is necessary, and we choose to act summarily on this appeal. *See also* Tenn. Sup. Ct. R. 10B, § 2.06 (stating that a 10B accelerated appeal should be decided on an expedited basis).

Here, Appellant's petition for recusal appeal is so deficient as to render substantive appellate review impossible. The petition does not contain any of the requirements set out in Rule 10B. The petition does not contain a statement of the issues presented for review, a statement of the facts, an argument as to why Appellant is entitled to appellate relief, or a conclusion stating the relief requested. *See* Tenn. Sup. Ct. R. 10B § 2.03. Nor is Appellant's petition accompanied by the original motion for recusal filed in the trial court or the trial court's order ruling on the motion. *See id.* Thus, Appellant has wholly failed to present this Court with a record from which we could evaluate this appeal. *See* **Sneed v. Bd. of Prof'l Resp. of Sup. Ct.**, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived.").

We acknowledge that Appellant is proceeding pro se in this appeal. As explained by this Court, "[t]he courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." **Jackson v. Lanphere**, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting **Hessmer v. Hessmer**, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). Therefore, "[w]hile entitled to fair and equal treatment before the courts, a pro se litigant is still required to comply with substantive and procedural law as do parties represented by counsel." **Gilliam v. Gilliam**, No. M2007-02507-COA-R3-CV, 2008 WL 4922512, at *3 (Tenn. Ct. App. Nov. 13, 2008) (citing **Hessmer**, 138 S.W.3d at 903). Appellant's pro se status does not relieve him of the obligation to comport with the requirements set out in Rule 10B.

This Court has previously chosen to address the substance of a recusal motion despite a petitioner only substantially complying with Rule 10B requirements when faced

with an appeal under Rule 3 of the Tennessee Rules of Appellate Procedure. *See, e.g.*, ***Vazeen v. Sir***, No. M2022-00273-COA-R3-CV, 2023 WL 6160350, at \*9 (Tenn. Ct. App. Sept. 21, 2023) (citing ***Stark v. Stark***, No. W2019-00901-COA-T10B-CV, 2019 WL 2515925, at \*6 (Tenn. Ct. App. June 18, 2019)).[3] However, we have consistently stressed that "the accelerated nature of these interlocutory appeals as of right requires meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this Court[.]" ***Elliott v. Elliott***, No. E2012-02448-COA-T10B-CV, 2012 WL 5990268, at \*3 (Tenn. Ct. App. Nov. 30, 2012); *see also* ***Johnston v. Johnston***, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at \*2 (Tenn. Ct. App. Feb. 20, 2015). Doing so allows this Court to meet its obligations under Rule 10B, which requires this Court to decide these appeals "on an expedited basis." Tenn. Sup. Ct. R. 10B, § 2.06.

Appellant here has not only failed to substantially comply with Rule 10B, he has essentially failed to comply with Rule 10B in any fashion. Because Appellant has woefully failed to present this Court with the necessary documents for any meaningful appellate review, the trial court's denial of Appellant's motion to recuse is affirmed.

## III.

The judgment of the Williamson County Chancery Court is affirmed, and this cause is remanded to the trial court for further proceedings consistent with this Opinion. Costs of this appeal are taxed to Appellant Robert Cole Gordon, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

---

[3] In ***Vazeen***, the appellant had submitted declarations in support of some of his recusal motions. The failure in that case was primarily the lack of affirmative statement that the motion was not being presented for an improper purpose. *Id.*